UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIEAMA BAXTER,<br>Plaintiff,<br>-against-<br>NYC ACS, *et al.*,<br>Defendants. | 26-CV-7985 (JPO)<br><br>ORDER OF SERVICE |

J. PAUL OETKEN, United States District Judge:

Plaintiff Nieama Baxter, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging a violation of her rights secured by the Fourth and Fourteenth Amendments. She names as defendants: (1) "NYC ACS," referring to the New York City Administration for Children's Services; (2) an ACS caseworker, Elena Ordonez; (3) "NYPD," referring to the New York City Police Department; (4) an NYPD detective, Heseretiti Charles; (5) New Castle County (Delaware) Sheriff Deputy Larkin; and (6) unnamed "Delaware Family Court Judicial Officials." (ECF No. 1 at 1, 4-5.) In short, Plaintiff alleges that she was falsely arrested in New York because of a warrant that was fraudulently obtained in Delaware, and that her wrongful arrest resulted in her confinement at Rikers Island and her separation from her children. She seeks monetary relief and any other relief the Court finds appropriate.

By order dated September 24, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court: (1) dismisses, under the doctrines of judicial and quasi-judicial immunity, all claims against the Delaware Family Court Judicial Officials; (2) dismisses all claims against ACS and NYPD, because those agencies are not suable entities, and substitutes the City of New York in

their place as a defendant; (3) requests that the City of New York and Detective Charles waive service of summonses; and (4) directs service on ACS caseworker Ordonez and Deputy Larkin.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction to entertain it. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quotation marks and citations omitted).

## BACKGROUND

The following facts are drawn from the complaint. On an unspecified date, "Delaware officials"—presumably, Deputy Larkin—"relied on false documentation and materially false verbal statements and accusations against [Plaintiff], that resulted in a fugitive warrant being issued against [her]." (ECF No. 1 at 5.) Sometime thereafter—possibly on August 19, 2026—Plaintiff was arrested in the Bronx pursuant to that warrant, presumably by Detective Charles, and detained on Rikers Island. (*Id.*) During her confinement, ACS "took custody of [her] children." (*Id.*) Broadly, Plaintiff contends that "Defendants failed to properly verify the information used against [her]," which resulted in her unlawful arrest, detention, and separation from her children. (*Id.*) Plaintiff also alleges that ACS deprived her of her personal property (cellphones and an iPad) without due process. (*Id*. at 6.)

## DISCUSSION

### A. Claims Under 42 U.S.C. § 1983

#### 1. Claims Against Defendants "Delaware Family Court Judicial Officials"

Plaintiff names unspecified Delaware Family Court Judicial Officials as defendants in this action. But judges enjoy absolute immunity from suits for money damages for their judicial actions. *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Under the doctrine of quasi-judicial immunity, individuals who "perform functions closely associated with the judicial process" do, too. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985).

To be sure, judicial immunity may be overcome when a judge is sued for "actions not taken in the judge's judicial capacity," or if a judge has taken action that is "judicial in nature" when they clearly lacked jurisdiction to do so. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). As written, however, Plaintiff's complaint alleges only that those unnamed judicial officials issued a fugitive warrant against her based on "false documentation and materially false verbal statements and accusations." (ECF No. 1 at 5.) And the issuance of a warrant is a "judicial act" that entitles those unnamed family court judicial officials (be they judges or court clerks) to absolute immunity—even if the warrant itself was issued in error, or even if the judge who issued the warrant acted "in excess of his authority." *Mireles*, 502 U.S. at 12-13 (quotation marks omitted); *see also Ceparano v. Southampton Just. Ct.*, 404 F. App'x 537, 539 (2d Cir. 2011) (summary order).

Plaintiff's Section 1983 claims against the Delaware Family Court Judicial Officials are therefore dismissed without prejudice on judicial and quasi-judicial immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Should Plaintiff amend her complaint to plausibly allege that particular Delaware Family Court judicial officials took actions outside of their judicial capacity, or while completely lacking jurisdiction to do so, those claims may be reinstated.

### 2. Claims Against Defendants ACS and NYPD

Plaintiff also names the ACS and NYPD as defendants in this action. The New York City Charter, however, does not authorize either of those municipal agencies to be sued in their own names, *see* N.Y. City Charter ch. 17, §§ 396, 431-438; *id*. ch. 24-B, §§ 615-619, and as a result, they are not suable entities, *see Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024). The Court therefore dismisses Plaintiff's claims against the NYPD and ACS on that basis. *Cf. Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Friedman v. N.Y.C. Admin. for Child.'s Servs*., 502 F. App'x 23, 27 n.3 (2d Cir. 2012) (summary order). The City of New York is substituted as a defendant in their place. *See* Fed. R. Civ. P. Rule 21. This amendment is without prejudice to any defenses that the City of New York may wish to assert on its own behalf.

## B. Service on the Remaining Defendants

### 1. Defendants City of New York and Detective Charles

The Clerk of Court is directed to notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Defendants City of New York and NYPD Detective Heseretiti Charles waive service of summonses.

### 2. Defendants ACS Caseworker Ordonez and New Castle Sheriff Deputy Larkin

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("The court must . . . order [the Marshals Service to serve] if the plaintiff is authorized to proceed in forma pauperis.").

To allow Plaintiff to effect service on Defendant Elena Ordonez and New Castle County Sheriff's Deputy Larkin through the U.S. Marshals Service, the Clerk of Court is instructed to fill

out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service even when relying on the Marshals to serve the relevant parties).

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

For the reasons set forth in this order, the Court dismisses Plaintiff's claims against Defendants Delaware Family Court Judicial Officials on judicial and quasi-judicial immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The Court also dismisses Plaintiff's claims against the NYPD and ACS because those agencies are not suable entities. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court therefore directs the Clerk of Court to terminate these defendants from this action.

The Court also directs the Clerk of Court to (1) substitute the City of New York as a defendant in place of the NYPD and ACS and (2) electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Defendants City of New York and NYPD Detective Heseretiti Charles waive service of summonses.

The Clerk of Court is instructed to issue summonses for Defendants Elena Ordonez and New Castle County Sheriff Deputy Larkin, complete the USM-285 forms with the service

addresses for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Finally, the Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: October 5, 2026
New York, New York

J. PAUL OETKEN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Elena Ordonez
   New York City Administration for Children's Services
   150 William St.
   New York, NY 10038

2. Deputy Larkin
   New Castle County Sheriff's Office
   800 N. French St., 5th Floor
   Wilmington, DE 19801