USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/25/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIEAMA BAXTER,

Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,

Defendants.

**ORDER**

26-CV-7985 (JPO) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Court is in receipt of Plaintiff's Application for the Court to Request *Pro Bono* Counsel, ECF No. 16 (the "Application"). For the reasons described below, the Application is **DENIED**.

The Court has "[b]road discretion" in deciding whether to seek *pro bono* representation for a civil litigant. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In *Hodge*, the Second Circuit set forth factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. *Id.* at 61–62. After the litigant demonstrates that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*, the court must then consider whether the litigant's claim "seems likely to be of substance." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special

> reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61–62.

Here, Plaintiff filed an application to proceed *in forma pauperis* and the Court granted that application. ECF No. 5. As to whether Plaintiff's claims "seem[] likely to be of substance," the undersigned is skeptical. While I do not make any decision on the merits of Plaintiff's claims at this time, Plaintiff's complaint is made up of only a few vague and conclusory sentences. *See* ECF No. 1 at 5–6. Indeed, in the Order of Service, the District Judge dismissed many of Plaintiff's claims outright. *See* ECF No. 7 at 1–4. Thus, Plaintiff's claims appear to lack substance at this stage.

I next consider the other factors articulated by the Second Circuit, "all of which really amount to evaluating [Plaintiff's] ability to manage [her] case effectively on [her] own." *Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997). These other factors weigh against appointing *pro bono* counsel. While nearly every *pro se* litigant would benefit from the appointment of *pro bono* counsel, there are many *pro se* cases filed in this Court and there is nothing particularly difficult or complex about this case requiring skilled counsel. Moreover, the Application fails to identify the particular legal service organizations that Plaintiff has contacted, as the form requires. These factors weigh against appointing *pro bono* counsel.

Because the factors discussed above weigh against appointing *pro bono* counsel, Plaintiff's Application is **DENIED**. However, Plaintiff is advised that there is a *Pro Se* Law Clinic available to assist self-represented parties in civil cases. The

*Pro Se* Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the *Pro Se* Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form available at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/ to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan are available Monday through Thursday, 10:00 a.m. to 4:00 p.m. Appointments are also available remotely Monday through Friday, 10:00 a.m. to 4:00 p.m.

The Clerk of Court is respectfully directed to terminate the Application at ECF No. 16 as **DENIED**.

**SO ORDERED.**

Dated: November 25, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge